UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

JOHN SANDERS, Jr.,

           Defendant.

**ORDER**
19-CR-125-A

      The defendant, John Sanders, Jr., is charged in seven counts of a 34-Count Indictment with various offenses involving sales of cocaine base and marijuana. The United States has moved pursuant to 18 U.S.C. § 3145(a)(1) to revoke a June 21, 2019 oral order of pretrial release of Magistrate Judge Jeremiah J. McCarthy that authorizes the pretrial release of defendant Sanders on conditions including home detention on electronic monitoring and four $20,000 signature bonds. *See* Dkt. Nos. 32, 37. The Court stayed the release of the defendant pending disposition of the motion to revoke the release order. Dkt. No. 38.

      The Indictment against defendant Sanders allegedly arises from his role in what the United States characterizes as an open-air drug market around 67 and 76 Townsend Street, Buffalo, New York. Those premises are kitty-corner on opposite sides of Townsend Street, near Peckham Street, on a part of the street that has more vacant lots and boarded-up houses than residences. The United States contends that hand-to-hand sales of cocaine base and marijuana were rampant and routine in and around these premises, and included drive-up sales in the street. The United States suggests that the drug-trafficking on Townsend Street has persisted in defiance of

extensive local law enforcement efforts to stop it.

Defendant Sanders is clearly facing serious charges. Count 1 alleges that the defendant participated in a drug-trafficking conspiracy in violation of 21 U.S.C. § 846 with nine co-defendants to possess with intent to distribute more than 28 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and to use the premises at 67 and 76 Townsend Street to distribute cocaine base and marijuana in violation of 21 U.S.C. § 856(a)(1). Count 4 alleges possession with intent to distribute 28 grams or more of cocaine base and marijuana on August 28, 2018 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Each of the charges in Counts 1 and 4 of the Indictment carry a mandatory-minimum term of imprisonment of five years and a statutory maximum of up to 40 years imprisonment. These charges, as well as the charges in Counts 2 and 3 alleging use of the premises at 67 and 76 Townsend Street in violation of 21 U.S.C. § 856(a)(1) are each serious enough to trigger rebuttable presumptions pursuant to 18 U.S.C. § 3142(e) that defendant Sanders poses a danger to the community and a risk of flight before trial[1].

According to a June 19, 2019, Pretrial Service Report, defendant Sanders has previously been arrested approximately 24 times since 2010, and 13 of those arrests occurred while he was released on bail on local charges or pending imposition of a sentence for another offense. During the last two years, four of the defendant's arrests were by local law enforcement for marijuana-related offenses at or near 67 Townsend

---

[1] The showing of probable cause with respect to each Count necessary to trigger the presumptions is satisfied by the Indictment. *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).

Street.  The defendant told the Pretrial Services Officer he has lived at his current address for about eight years.  It is about a 20-minute drive from 67 Townsend.  The defendant's arrest record at and near the 67 Townsend premises suggests a persistent, if not defiant, pattern of illegal activity in that area.

To be sure, most of defendant Sander's arrests are for marijuana-related misdemeanors, and he has no history of violent crime or firearms possession.  Nevertheless, the number of times the defendant has been arrested while on bail or pending sentencing, and the number of times he has been arrested in the vicinity of 67 and 76 Townsend Street[2], suggests that he is a danger to commit more crimes while on pretrial release and that he is not likely to abide by the conditions of release imposed by the Court.  And because the defendant faces such severe penalties, including two five-year mandatory minimum terms of imprisonment, he may be desperate enough to try to flee.

On the other hand, the facts the United States proffered in support of its motion for pretrial detention before the Magistrate Judge, *see* Dkt. Nos. 46 and 47, and before this Court, were excessively conclusory.  The United States generally portrayed defendant Sanders as one of two leaders of the alleged drug-trafficking conspiracy operating in the vicinity of 67 and 76 Townsend Street.  When pressed by the Court during its proffer, however, the United States eventually conceded that its evidence of the defendant's leadership role in the drug-trafficking conspiracy is limited.

Similarly, the United States proffered to the Court that its proof of defendant

---

[2] The government proffered that eight of defendant Sander's nine arrests since 2016 were at or near 67 Townsend Street.

Sanders' possession with intent to distribute 28 grams or more of cocaine base on August 31, 2018, as alleged in Count 4 of the Indictment, is strong, but the charge is based upon a seizure of 138 grams of crack cocaine from inside 67 Townsend Street while the defendant was in the backyard. *See* Dkt. No. 36, pp. 12-13. The proof of the defendant's conduct underlying Count 4 is not as strong as the United States proffered.

A pretrial detention hearing is not a mini-trial. *United States v. Martir*, 782 F2d 1141, 1145 (2d Cir. 1986). While the Federal Rules of Evidence do not apply, *see* 18 U.S.C. § 3142(f), the Court is sensitive to the fact that "Congress' authorization of hearsay evidence does not represent a determination that such evidence is always appropriate." *United States v. Accetturo*, 783 F.2d 382, 389 (3d Cir. 1986). And while parties to a detention hearing may proceed by proffer, *United States v. Ferranti*, 66 F.3d 540, 541 (2d Cir. 1995) (government proffer), and *Martir*, 782 F.2d at 1145 (defense proffer), a proffer must be of evidence inherently reliable enough to merit consideration just as if the parties were to conduct an evidentiary hearing on the detention motion.

The Court's discretion to allow the parties to a detention hearing to proceed by proffer includes discretion to discount an unreliable proffer, and to then release a defendant who may in fact be dangerous and a flight risk on the ground that the United States has failed to meet its burdens of proof.[3] By the same token, a court will not ordinarily disregard an entire proffer when only parts of the proffer are unreliable, particularly in a case that is serious enough to trigger the statutory rebuttable

---

[3] The United States must prove risk of flight by a preponderance of the evidence, danger to the community by clear and convincing evidence, and the absence of adequate conditions of release by the same standards, respectively. *See* 18 U.S.C. § 3142(f); *see e.g.*, *United States v. Shakur,* 817 F.2d 189, 194-95 (2d Cir. 1987).

presumptions of danger and serious flight risk at § 3142(e). It appears that may have happened in this case.

The Magistrate Judge's pretrial release order of defendant Sanders in this case imposed home detention on the defendant with electronic monitoring, and, among other conditions, it required four friends and family members to sign unsecured signature bonds of $20,000 each, among other conditions.[4] The Magistrate Judge's oral release order does not explain his reasoning, however. Dkt. Nos. 46, pp. 11-12; 47, pp. 9-10.

If this were a motion to revoke a detention order rather than a release order, the lack of a statement of the Magistrate Judge's reasoning would likely require the detention order to be vacated. 18 U.S.C. § 3142(i); *see* AO 472 (Rev. 11/16). A written or oral statement of reasons is not required by the Bail Reform Act when pretrial release is ordered. *But see* Fed. R. App. P. 9(a)(1). Nevertheless, in light of the vagaries of the record and some of the particular concerns posed by defendant Sanders' alleged conduct and record, the Court concludes that a statement of reasons should be prepared to allow this Court to perform its review function effectively. *See e.g.*, *United States v. Chimurenga*, 760 F.2d 400, 406 (2d Cir. 1985); *United States v. Coleman*, 777 F.2d 888, 892 (3d Cir.1985).

Recognizing that review of the release order is *de novo, see United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985), the Court finds a statement of the Magistrate Judge's reasoning in support of his conclusions regarding the issues before the Court to be essential to permit the Court to effectively determine the issues that are raised. For

---

[4] The United States contends that the showing with respect to the proposed sureties' qualifications was inadequate. *See* Fed. R. Crim. P. 46(e).

example, the Court is unable to see what the Magistrate Judge thought of the extent of the danger to the community posed by defendant Sanders, if any, whether he concluded that the signature bonds mitigated the dangers, or whether he concluded that the United States had failed to carry its statutory burden to prove by clear and convincing evidence that the conditions of release are inadequate in light of the circumstances.

For these reasons, the Court vacates Magistrate Judge McCarthy's June 21, 2019 oral release order and remands the case to the Magistrate Judge for proceedings pursuant to 18 U.S.C. § 3142 to determine whether defendant Sanders must be detained or released upon conditions. Of course, the Magistrate Judge is required to make written findings if he orders pretrial detention, 18 U.S.C. § 3142(i)(1), and the Court requests that the Magistrate Judge state his findings in support of any release order, including a statement of alternatives considered and the reasons for rejecting them, so that the Court can perform its review function with the benefit of his views.

**SO ORDERED.**

                                                  _s/Richard J. Arcara_
                                                  HONORABLE RICHARD J. ARCARA
                                                  UNITED STATES DISTRICT COURT

Dated: August 26, 2019