UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

JOHN SANDERS, JR.,

             Defendant.

**DECISION AND ORDER**
19-CR-125-A

      This case was referred to Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On October 9, 2020, Magistrate Judge McCarthy filed a Report, Recommendation and Order, Dkt. No. 445, recommending that the motions to suppress and for an evidentiary hearing by Defendant John Sanders, Jr., pertaining to a January 21, 2019 stop of Defendant's vehicle be denied. Defendant filed objections to these recommendations, Dkt. No. 456, arguing that he established contested issues of fact and therefore a suppression hearing is warranted. The Government filed its response in opposition thereto, Dkt. No. 462. Oral argument on Defendant's objections was held before the Court on December 10, 2020.

      Pursuant to 28 U.S.C. §636(b)(1), the Court applies a *de novo* standard of review to the portions of a report and recommendation to which specific objections have been raised. Upon *de novo* review, and for the additional reasons that follow, the Court adopts the October 9, 2020 Report, Recommendation and Order and denies Defendant's suppression motions and request for an evidentiary hearing.

1

The Court assumes the parties' familiarity with the prior proceedings and the issues that are under review.  Defendant advances two primary objections: (1) he did not concede that the traffic stop was lawful, and (2) the police officer who approached the vehicle did not have probable cause to search the vehicle because the odor of marijuana was not strong enough to warrant a full search.

As to the traffic stop, Defendant agrees with the findings of the Magistrate Judge that his original motion papers and affidavit stated he was cited for inadequate lights.  However, he argues said statements do not amount to a concession that the stop was lawful and the Magistrate Judge's finding to the contrary was therefore unfounded.  He points to language in the initial affirmation referring to "an *alleged* traffic violation" and an "*illegal* stop" to argue that the stop itself was in fact contested.  (Dkt. No. 99, ¶¶ 20-21 [emphases added]).

Defendant did not explicitly argue in his original suppression motion that he did not violate the Vehicle & Traffic Law.  Attached to the attorney affirmation is the Town of Tonawanda Police Report from the traffic stop, noting that the stop took place at 9:35 p.m. because the police officer observed the vehicle had "only one operable headlight".  Defendant was cited with violating New York State Vehicle & Traffic Law § 375-2(a)(1), which requires "at least two lighted head lamps on the front, one on each side, having light sources of equal power" when, as is applicable here, it is "one-half hour after sunset to one-half hour before sunrise".  (Dkt. No. 99-1, pp. 97-98).

Defendant did not contest the reason for the stop until he filed his second affidavit in support of his supplemental motion, and then, only in conclusory language and upon information and belief.  He agreed he was stopped at about 9:30 p.m.  (*See*

Dkt. No. 427-1, ¶ 2 and ¶ 3 ["Upon information and belief, I was not violating any vehicle and traffic laws that would warrant the stop."]).  This implied allegation that Defendant did not violate the Vehicle & Traffic Law does not raise the required "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion to suppress necessary to warrant a hearing.  See United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992).  The court has discretion to deny a hearing where a defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, see United States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967), and Defendant did not sufficiently do so here.

With respect to the odor-of-marijuana issue, Defendant quotes the initial attorney affirmation where he acknowledged that the police officer "*stated* that he detected an odor of marijuana" and the passenger of the vehicle (co-defendant Angelo Kidd) "indicated that he had smoked marijuana *earlier in the day* and that his clothing smelled of marijuana but *he had nothing on him*".  (Dkt. No. 99, ¶ 22 [emphases added]).  He now argues that his original arguments implied the odor of marijuana was not strong enough to warrant a full search of the automobile.  Defendant also argued in his initial submissions that there was no probable cause to search the vehicle because "[i]n the medical marijuana and post-decriminalization era, the mere odor of marijuana absent other circumstances, *should* no longer grant officers probable cause to effectuate an arrest and conduct a search incident thereto".  (Dkt. No. 99, ¶ 27 [emphasis added]; see ¶ 28 [referring to "changing laws in New York State and throughout the United States"]).

Defendant does not contest, and he has never contested, that there was a smell of marijuana coming from the automobile—even in his second affidavit.  See Dkt. No.

427-1; *compare United States v. Spain*, 2019 U.S. Dist. LEXIS 25304, *6-8 (S.D.N.Y. Feb. 13, 2019 (where the defendant contradicted the police officer's statement as to the smell of marijuana and stated that no one in the vehicle had been smoking marijuana, the Court determined there would be a hearing to resolve that disputed issue of material fact). Moreover, he does not support with any case law his argument that there was no probable cause to conduct a warrantless search of the vehicle because the odor of marijuana was not strong enough. Second Circuit case law has held that "as to the automobile exception, . . . the police, based upon the generalized smell of marijuana, ha[ve] the right to search the defendant's vehicle and any containers within the vehicle where marijuana might be stored." *United States v. Brock*, 2016 U.S. Dist. LEXIS 90990, *5 (W.D.N.Y. July 13, 2016), citing *United States v. Ross*, 456 U.S. 798 (1982); *see United States v. Goolsby*, 820 Fed. Appx. 47, 49 (2d Cir. 2020) (Non-precedential Summary Order) (holding there was probable cause to search the defendant's vehicle and any containers in which marijuana could be stored where the officer smelled burnt marijuana and the defendant said he had been smoking it "earlier").

     Here, the police officer not only smelled marijuana "emanating from the vehicle" and was informed by co-defendant Kidd that he had smoked some earlier in the day, she also observed that Defendant only rolled down his window three-quarters of the way and "appeared to be moving overly slow and cautious in a way that was not normal". Dkt. 99-1, p. 98; *see United States v. White*, 298 F. Supp. 3d 451, 460-461 (E.D.N.Y. Feb. 8, 2018) (considering in its probable cause analysis the defendant "moving around inside the car in a highly suspicious manner") (collecting cases). Based on the totality of the circumstances, there was probable cause to search the vehicle.

   While "states permitting or decriminalizing the possession of marijuana for recreational or medicinal purposes have developed different standards for determining when marijuana's odor can give rise to a search" (*see United States v. Hampton*, 2018 U.S. Dist. LEXIS 3914, *18 (D. Conn. Jan. 9, 2018) (collecting cases)), as noted in the R&R, New York's law decriminalizing the smoking and possession of small amounts of marijuana did not take effect until months after Defendant's January 21, 2019 traffic stop.  Defendant does not claim that he or co-defendant Kidd informed officers that the marijuana used was medical in nature.  In addition, marijuana is a Schedule I controlled substance under federal law and possession and distribution of marijuana remain a federal offense.  *See* 21 U.S.C. §§ 802(6); 812; 841(a)(1); 844(a).

   The Court has considered all of Defendant's other objections and arguments and finds them to be without merit.  Defendant neither objects to the R&R's findings and recommendations that his "supplemental" affidavit was untimely and submitted without good cause shown nor does he object to the Magistrate Judge's recommendation that he has not established he is entitled to a suppression hearing on his oral statements to law enforcement officers.  Accordingly, the Court adopts the October 9, 2020 Report, Recommendation and Order, Dkt. No. 445, and Defendant's motions to suppress and for an evidentiary hearing, Dkt. Nos. 99, 427, are denied.

   **SO ORDERED.**

                                             *s/Richard J. Arcara*
                                             HONORABLE RICHARD J. ARCARA
                                             UNITED STATES DISTRICT COURT

Dated:   January 11, 2021